## SECHRIST *against* CONNELLEE.

### IN ERROR.

A justice of the peace has no jurisdiction of a contract concerning the realty, where the title to lands and tenements may come in question.

ERROR to the district court of *York* county, on a judgment upon a verdict in favour of the defendant in an action brought by *Jacob Sechrist,* the plaintiff in error, against *James Connellee,* the defendant in error.

The suit was brought before a justice of the peace "in debt not exceeding one hundred dollars, balance of a sale of a lot of ground." · The justice gave judgment in favour of the plaintiff for thirty dollars, the defendant appealed and the cause was transferred to the district court. The plaintiff claimed from the defendant the balance of the purchase money for a lot of ground, which he, by deed dated the 26th of May, 1830, conveyed to the defendant. Issue was joined on the defendant's plea of payment, who at the trial produced the deed with a receipt in full of the purchase money subjoined.

The plaintiff proved by the justice who took the acknowledgment of the deed that a part only of the purchase money was paid at the time of the acknowledgment; that when the deed was signed it was proposed that the plaintiff should take some memorandum of what was due, which he refused to do, saying that as the amount was to be paid in a few days it was not worth while. After verdict for the defendant, the plaintiff moved in arrest of judgment on the ground that the justice before whom the cause originated had no jurisdiction. The court overruled the motion, and now the cause was argued here upon this point, and another which it is not material to state.

(Sechrist *v.* Connellee.)

*Evans* and *Lewis* for the plaintiff in error and

*R. J. Fisher, contra.*

PER CURIAM.—The direction in regard to the merits seems to have been misconceived; but as there is another point in the cause which is decisive of it, a particular examination of any thing else is deemed unnecessary. By the Act of 1810, the ancient and exclusive jurisdiction of the Common Pleas, seems to have been studiously preserved in actions "where the title to lands and tenements *may* come in question;" and undoubtedly want of title as importing want of consideration, may come in question in an action for the price of land. That the word '*may*' was not intended to mean '*shall*,' is evident from the want of provisions to transfer the cause to the Common Pleas on the sitting up of a defence which should involve a fact inconsistent with the justice's jurisdiction; such for instance as is found in the act for regulating attachments before justices of the peace. But the point has, we believe, been already decided in a case not yet reported; and the law is considered as settled.

Judgment reversed.